ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| FRATERFOOD SERVICE, INC.<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS<br><br>Parte Recurrida | TA2025RA00399 | *Revisión Judicial,* procedente del Departamento del Trabajo y Recursos Humanos<br><br>Caso Núm.: A1-AUD-BN-0128-25<br><br>Sobre: Exoneración del pago del bono de navidad. Ley Núm. 148-1969, según enmendada. |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece ante nos la parte recurrente, Fraterfood Service, Inc. (en adelante, "Fraterfood" o "Recurrente"), mediante recurso de revisión judicial presentado el 12 de diciembre de 2025. Nos solicitó la revocación de la *Determinación* del Negociado de Normas de Trabajo del Departamento del Trabajo y Recursos Humanos (en adelante, "Negociado"), el 3 de diciembre de 2025 y notificada el mismo día. A través de dicha decisión, el Negociado denegó la "**Solicitud de Exención de Pago del Bono para el año 2025**" presentada por el Recurrente.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal,[1] y por los fundamentos que expondremos a continuación, *revocamos* la *Determinación* impugnada.

---

[1] *Véase*, Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**I.**

El caso de epígrafe tuvo su origen el 1 de diciembre de 2025, cuando Fraterfood presentó ante el Negociado una "**Solicitud de Exención de Pago del Bono para el Año 2025**". En respuesta a ello, el 3 de diciembre de 2025, el Negociado rechazó la dispensa peticionada bajo el fundamento de que los estados financieros remitidos no reunían los requisitos dispuestos en la Ley Núm. 148 de 30 de junio de 1969, *infra*, toda vez que el sistema marcaba como inválida la estampilla del Colegio del CPA. Así las cosas, el 5 de diciembre de 2025, el Recurrente le remitió al Negociado un correo electrónico a través del cual informó que el *QR Code* se distorsionó al imprimirse, por lo que solicitó la reconsideración de la decisión tomada en torno a la deficiencia de los documentos presentados. Asimismo, adjuntó a dicho mensaje una hoja intitulada "**Independent Accountant's Compilation Report**" para que la referida agencia corroborara la validez de la estampilla en cuestión.

Posteriormente, el 8 de diciembre de 2025, mediante comunicación escrita, el Negociado denegó nuevamente la exención del pago del bono de navidad, bajo el fundamento de que la estampilla digital fue validada por el CPA posterior al 1 de diciembre de 2025, fecha límite para la radicación de la solicitud de exoneración. Inconforme con dicha determinación, el Recurrente presentó el recurso de revisión judicial que nos ocupa y le imputó al foro de instancia la comisión del siguiente error:

> **ERRÓ EL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS DE PUERTO RICO AL DENEGAR LA SOLICITUD DE EXONERACIÓN DEL PAGO DEL BONO DE NAVIDAD.**

**II.**

La Ley Núm. 148 de 30 de junio de 1969, según enmendada, conocida como la "Ley del Bono de Navidad para Trabajadores y Empleados de la Empresa Privada", 29 LPRA secs. 501 *et seq.*, (en adelante, "Ley Núm. 148") dispone para el pago patronal de un bono anual a ciertos empleados de la empresa privada. A esos efectos, se obliga a los patronos a quienes la Ley aplicare, a conceder a sus empleados un bono de Navidad, que constituiría una compensación adicional a cualesquiera otros salarios o

beneficios de otra índole a que sea acreedor. 29 LPRA sec. 501. Sin embargo, conforme al estatuto, no todos los patronos están obligados a pagar el bono de Navidad. Esto, debido a que existen circunstancias en las cuales el patrono está exento de pagar el bono. Entiéndase, cuando no ha obtenido ganancias o cuando éstas resultaren insuficientes para cubrir la totalidad del mismo, sin exceder el límite de quince por ciento (15%) de las ganancias netas anuales. 29 LPRA sec. 507. Para poder beneficiarse de tal excepción, el patrono deberá someter al Secretario del Departamento del Trabajo y Recursos Humanos, no más tarde del 30 de noviembre de cada año, un estado de situación y de ganancias y pérdidas debidamente certificado por un contador público autorizado, que evidencie dicha situación económica. Íd.

Por otra parte, en el ejercicio de la facultad que se le delegó al Secretario del Departamento del Trabajo por virtud de la Ley Núm. 148, *supra*, este último aprobó el Reglamento Núm. 9003 de 18 de septiembre de 2017, conocido como el "Reglamento para Administrar la Ley Núm. 148 de 30 de junio de 2969, según enmendada, conocida como "Ley del Bono de Navidad en la Empresa Privada" (en adelante, "Reglamento Núm. 9003"). En su Artículo VII, este estipula el procedimiento para solicitar la exención del pago del bono de Navidad. En específico, el mismo dispone lo siguiente:

> Todo patrono que emplee uno o más empleados o trabajadores dentro del periodo de cobertura tendrá las siguientes obligaciones:
>
> […]
>
> 4. Notificar al Secretario, **no más tarde del treinta (30) de noviembre** de cada año, cuando no pagará en su totalidad o en parte el bono que le corresponda a sus empleados, por no haber obtenido ganancias o cuando estas resultan insuficientes para cubrir la totalidad del bono sin exceder el límite del quince por ciento (15%) de las ganancias netas anuales del patrono habidas dentro del periodo de cobertura.
>
> La notificación deberá acompañarse con un estado de situación y de ganancias y pérdidas del periodo de cobertura preparado conforme a las normas y principios de contabilidad generalmente aceptados en Puerto Rico y sus respectivas notas, así como con el correspondiente informe compilado, revisado o auditado, firmado y sellado en original por un contador público autorizado (CPA) con licencia en vigor que haya sido emitida por la Junta de Contabilidad de Puerto Rico, según lo dispuesto por la Ley Núm. 293 de 15 de mayo de 1945, "ley de Contabilidad Pública de 1945", según enmendada, que evidencie dicha situación económica.

> Además, el Secretario podrá solicitar cualquier otra información que la Ley Núm. 148 le autorice a requerir y obtener en aras de considerar debidamente la notificación patronal.
>
> […]
>
> Si el patrono no somete el estado de situación y de ganancias y pérdidas requerido, dentro del término y la forma indicada en este inciso, vendrá obligado a pagar el bono en su totalidad, aun cuando no haya obtenido ganancias en el negocio o estas resultasen insuficientes para cubrir la totalidad del bono. Art. VII, Reglamento Núm. 9003 de 18 de septiembre de 2017 del Departamento del Trabajo y Recursos Humanos, págs. 5-6 (énfasis suplido).

**III.**

En el presente caso, el Recurrente nos solicitó que revoquemos la *Determinación* del Negociado mediante la cual se le denegó la exención del pago del bono de navidad de sus empleados.

Como único señalamiento de error, Fraterfood sostiene que el Negociado erró al rechazar la referida solicitud debido a que la estampilla del Colegio de CPA unida al estado financiero escaneaba como inválida. Le asiste la razón. Veamos.

Conforme adelantáramos en los acápites anteriores, la Ley Núm. 148, *supra*, fue promulgada con el fin ulterior de establecer el pago de un determinado bono a ciertos empleados de la empresa privada. Así pues, dicho estatuto obliga a los patronos a conceder a sus trabajadores un bono navideño, el cual constituiría una remuneración adicional a cualesquiera otros salarios o beneficios de otra índole a que sea acreedor. 29 LPRA sec. 501. No obstante lo anterior, el patrono está exento de pagar el mencionado bono cuando no ha obtenido ganancias o cuando éstas resultaren insuficientes para cubrir la totalidad del mismo, sin exceder el límite de quince por ciento (15%) de las ganancias netas anuales. 29 LPRA sec. 507.

Respecto a esto último, tanto Artículo 7 de la Ley Núm. 148, *supra*, como el Reglamento Núm. 9003, *supra*, disponen manifiestamente que el patrono debe presentar un estado de situación y de ganancias y pérdidas del período de doce (12) meses comprendidos desde el 1 de octubre del año anterior hasta el 30 de septiembre del año corriente, no más tarde del 30 de noviembre de cada año. 29 LPRA sec. 507. De no cumplir con dicho

requisito, vendrá obligado a pagar el bono de navidad en su totalidad. Art. VII, Reglamento Núm. 9003.

Tras un análisis detenido y comprensivo del expediente ante nuestra consideración, incluyendo la "**Solicitud de Exención de Pago del Bono para el Año 2025**", la *Determinación* del Negociado, los documentos que se presentaron ante dicho foro y su correspondiente *Reconsideración*, hemos arribado a la conclusión de que el foro administrativo erró al denegar la referida petición. Nos explicamos.

De entrada, es menester destacar que el 1 de diciembre de 2025 Fraterfood presentó su "**Solicitud de Exención de Pago del Bono para el Año 2025**", dentro del término dispuesto por la Ley Núm. 148, *supra*. Por un desperfecto de impresión, la estampilla digital no pudo ser validada inicialmente por la agencia recurrida. Una vez informado de dicho fallo, el Recurrente sometió al Negociado un documento intitulado "**Independent Accountant's Compilation Report**", a los fines de constatar la validez de la estampilla objeto de la presente controversia, **la cual fue anejada desde que se presentó la solicitud originalmente**. A pesar de ello, el Negociado rechazó de plano la petición de exención de pago de bono navideño, bajo el supuesto de que la mencionada estampilla fue validada con posterioridad al 1 de diciembre de 2025.

Como se puede apreciar, dicha *Determinación* resulta errónea, en cuanto a que el Recurrente sí cumplió con presentar su solicitud de exención junto con el estado de ganancias y pérdidas debidamente certificado por un contador público autorizado, dentro del plazo dispuesto por la ley aplicable y en cumplimiento con todos los requisitos de forma que impone el estado de derecho vigente. En otras palabras, Fraterfood informó su situación económica, la cual alegó que le impedía conceder el bono navideño a sus empleados, dentro del término concedido por la Ley Núm. 148, *supra.* En este contexto, la decisión jurídicamente correcta era evaluar la petición en sus méritos y no rechazarla por una presunta validación posterior derivada de un error de la impresora y ajeno al Recurrente. **Esto pues, la decisión del Negociado se basó en un error tecnológico, sin considerar que**

**desde el inicio la estampilla que se acompañó junto con la Solicitud de Exoneración era válida**. De manera que, tal actuación administrativa privó indebidamente al Recurrente de que su petición fuera analizada en sus méritos, a pesar de haber sido presentada a tiempo y de conformidad con el derecho aplicable.

En suma, concluimos que el Negociado erró al determinar que el Recurrente viene obligado a pagar el bono correspondiente en su totalidad por no haber cumplido con los requisitos de la Ley Núm. 143, *supra*. Como expresamos, Fraterfood cumplió con su deber de presentar la Solicitud de Exoneración con todos los documentos y formalidades requeridas por ley desde el 1 de diciembre de 2025, fecha límite de radicación.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *revocamos* la *Determinación* recurrida. En consecuencia, devolvemos el caso ante el Negociado para que, en el término de veinticuatro (24) horas, evalúe en los méritos la procedencia o no de la "**Solicitud de Exención de Pago del Bono para el Año 2025**" presentada por Fraterfood el 1 de diciembre de 2025.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones